# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2013

Lyle W. Cayce
Clerk

No. 12-50704
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID LEE DORAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-78-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

David Lee Doran appeals the 60-month within-guidelines sentence imposed by the district court following his guilty plea conviction for possession of a firearm by a convicted felon. He argues that the sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a) and that the district court abused its discretion in imposing the sentence in view of his cancer and the policy considerations of U.S.S.G. § 5H1.4. He also asserts that the seriousness of his crime was mitigated by his motive for committing it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50704

The 60-month within-guidelines imposed by the district court is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The record reflects that the district court considered the nature and circumstances of the offense and the history and characteristics of the defendant. See § 3553(a)(1). Doran's arguments do not establish that the district court committed any error of judgment in balancing the sentencing factors. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565-55 (5th Cir. 2008). Nor has Doran shown that his health issues mandated a lower sentence under the precedent of this circuit. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008) (determining that a lesser sentence was not warranted for a defendant who suffered from sickle cell amenia, Hepatitis C, blackouts, and upper respiratory illness); *United States v. Castillo*, 430 F.3d 230, 240-41 (5th Cir. 2005) (holding that defendant's HIV-positive status did not constitute an extraordinary medical condition warranting a lesser sentence); *United States v. Winters*, 105 F.3d 200, 208-09 (5th Cir. 1997) (holding that defendant's sarcoidosis, a chronic inflammation of multiple organs, was not an exceptional medical condition requiring a lesser sentence). His disagreement with the propriety of the sentence imposed and with the district court's weighing of the sentencing factors does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See Gomez-Herrera*, 523 F.3d at 565-66; *Rodriguez*, 523 F.3d at 526.

AFFIRMED.